# SATTERWHITE *vs.* THE STATE.

[PROSECUTION UNDER BASTARDY ACT.]

1. *Death of bastard child.*—The death of the alleged bastard child, after issue joined, is proper matter for a plea *puis durrein continuance,* but constitutes no ground for a motion to dismiss the proceeding.
2. *Competency of prosecutrix as witness.*—The mother of the alleged bastard is made a competent witness by the statute, (Code, § 3807,) and her competency is not affected by the death of the child before the trial.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBT. DOUGHERTY.

THIS case was before this court at its January term, 1856, when the judgment of the court below was reversed, and the cause remanded.—See 28 Ala. Rep. 65. On the second trial, as appears from the bill of exceptions in the present record, "the proof disclosed the fact that the reputed bastard child had died since the institution of this proceeding, and in the summer of 1857." The defendant "thereupon suggested to the court that the cause ought not to be further prosecuted against him, and moved the court that he be discharged from further trial;" which motion the court overruled, and the defendant excepted. The defendant also objected to the competency of the prosecutrix as a witness, and reserved an exception to the overruling of his objection. The jury returned a verdict of guilty against the defendant, and the court thereupon rendered judgment for costs against him; the judgment reciting, that the death of the child was shown to the court. The rulings of the court to which exceptions were reserved, and the judgment rendered, are now assigned as error.

WILLAMS & GRAHAM, and THOMAS H. WATTS, for the appellant.
M. A. BALDWIN, Attorney-General, *contra.*

Durden v. The State.

WALKER, J.—Upon the death of the illegitimate child, pending a proceeding in bastardy, the defendant has no right to demand from the court a dismissal of the proceeding. The death of the child pending the proceeding, and after issue joined, would be proper matter for a plea *puis darrein continuance*. The death of the child, after issue joined, does not show that the proceeding was wrongfully instituted; and it would, therefore, be improper for the court to dismiss it. Besides, the motion to dismiss refers the question of fact as to the death of the child to the court, when it is a proper matter for the decision of the jury. The court did not err in overruling the motion to dismiss.

[2.] The motion to dismiss being overruled, the issue before the jury was as to the paternity of the child. Upon that issue, the mother of the child is by the statute made a competent witness.—Code, § 3807.

The judgment of the court below is affirmed.